IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KELLER, | ) |
| | ) Civil Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT
(Jury Trial Demanded)

This is an action for copyright infringement brought by Michael Keller ("Keller"), the owner of copyrights to photographs described hereafter, against Defendant Houghton Mifflin Harcourt Publishing Company ("HMH") for unauthorized uses of Keller's photographs. Plaintiff demands a jury trial and states:

## PARTIES

1.  Keller is a professional photographer who makes his living by creating and licensing photographs. He resides in Beach Lake, Pennsylvania.

2.  HMH is one of the world's longest-established publishing houses and largest providers of pre-K–12 educational textbooks to 50 million students in more than 150 countries. HMH is a Massachusetts corporation.

3.  HMH sells and distributes its publications in the Eastern District of Pennsylvania and throughout the United States, including publications at issue in which Keller's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, HMH acted through and in concert with its various imprints, divisions, partners, subsidiaries, predecessors, and

affiliates.

## JURISDICTION

4. This action asserts claims arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a) because Defendant conducts substantial business within the Eastern District of Pennsylvania; Defendant infringed Plaintiff's copyrights within this District; and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

6. Keller is the owner of copyrights in the photographic images ("Photographs") depicted in Exhibit 1.

7. The Photographs have been registered with the United States Copyright Office or have pending copyright registrations. For the Photographs having pending registrations, complete applications, fees, and deposit materials for copyright registrations have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

8. HMH is a global publisher providing content and services to customers worldwide. One of HMH's core businesses pertains to publication of educational materials, including textbooks.

9. Keller entered into a series of contractual agreements ("the Agreements") with The Stock Market ("TSM"), a stock-photo licensing agency, between 1988 and 2001 (Exhibit 2). The

Agreements authorized TSM to issue limited licenses for use of Keller's images by third parties, in exchange for reasonable license fees.

10.     The Agreements specified that TSM would not license any images "on a buy-out or exclusive basis" without prior consent.  (Exhibit 2a, page 1, Exhibit 2c, ¶ 1(d)).

11.     Keller's TSM Agreement was assigned to Corbis Corporation ("Corbis") in or around 2001.

12.     In 2003, Keller entered into a representation agreement with Corbis, which authorized Corbis to grant third parties limited use licenses for his photographs.  A true and correct copy of the agreement between Keller and Corbis ("Corbis Agreement") is attached hereto as Exhibit 3.

13.     Upon information and belief, between 1989 and 2010, and in response to permission requests from HMH, TSM and Corbis sold HMH limited licenses to use copies of the Photographs in numerous educational publications.  *See* Exhibit 1, which is a summary report of information from Keller's royalty statements from TSM and Corbis.  Exhibit 1 identifies Keller's image ID; copyright registration number and date or application date; the TSM or Corbis Invoice number and date; and the HMH imprint that licensed Keller's image(s).

14.     Upon information and belief, the licenses granted to HMH from TSM and Corbis were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic).

15.     Upon information and belief, at the time HMH represented to TSM and Corbis that it needed specified, limited licenses to use Keller's photographs, HMH often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

16.     Shortly after obtaining the licenses, upon information and belief HMH exceeded the licenses and infringed Plaintiff's copyrights in various ways, including:

a. printing more copies of the Photographs than authorized;

b. distributing publications containing the Photographs outside the authorized distribution area;

c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;

d. publishing the Photographs in international editions and foreign publications without permission;

e. publishing the Photographs beyond the specified time limits.

17. Upon information and belief, after obtaining access to the Photographs, HMH used them without any license or permission in additional publications that have not yet been identified. Because HMH alone knows of these wholly unauthorized uses, Plaintiff cannot further identify them without discovery.

18. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT

19. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

20. The foregoing acts of HMH constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

21. Plaintiff suffered damages as a result of HMH's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees as permitted by 17 U.S.C. § 505 or any other statute, regulation, or contractual provision.

6. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

7. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: March 25, 2016

Plaintiff Michael Keller,
by his attorney,

Maurice Harmon
Harmon & Seidman LLC
11 Chestnut Street
New Hope PA 18938
(917) 561-4434
maurice@harmonseidman.com

5